UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-01043-SSS-SPx | Date | December 21, 2023 |
|---|---|---|---|
| Title | *Damany Phifer, et al. v. Subaru of Am., Inc., et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT. 20]**

## I.   INTRODUCTION

Before the Court is the Motion to Remand to Riverside County Superior Court filed by Plaintiffs Damany Phifer and Martha Phifer. [Dkt. 20, Pls.' Mot. to Remand to Riverside Cnty. Superior Ct.]. Defendant Subaru of America, Inc. opposes. [Dkt. 28, Def. Subaru of Am., Inc.'s Opp'n to Pls.' Mot to Remand ("Opp'n")]. Having reviewed the parties' arguments, relevant legal authority, and record in this case, the Motion to Remand is **GRANTED**.

## II.   BACKGROUND

The Phifers purchased a 2022 Subaru Ascent in February 2022. [*See* Dkt. 1-2, Decl. of Daniel R. Villegas ("Villegas Decl.") Ex. A ¶¶ 6, 10]. The vehicle came with an express written warranty under which Subaru agreed to ensure that the vehicle performed well and to provide compensation if there was a failure in the vehicle's performance. [*Id.* ¶ 10]. According to the Phifers, their Subaru Ascent began developing issues with its body, brakes, transmission, and engine. [*Id.* ¶ 12]. The Phifers allege they gave Subaru many opportunities to fix the vehicle, but it was unable to do so within a reasonable number of attempts. [*Id.*

¶ 15]. These defects, the Phifers allege, impaired the safety, use, and value of their vehicle. [*Id.* ¶ 16].

On April 20, 2023, the Phifers filed a complaint in Riverside County Superior Court asserting various state law claims against Subaru. [*See generally id.*]. On June 2, 2023, Subaru filed its Answer. [Villegas Decl. Ex. B]. Three days later, Subaru removed the case to federal court based on diversity jurisdiction. [Dkt. 1, Notice of Removal ¶ 3]. Relevant here, Subaru alleged there was complete diversity between the Phifers, who are citizens of California, and Subaru, who is a citizen of New Jersey. [*Id.* ¶¶ 4-5].

On June 22, 2023, the Phifers filed their First Amended Complaint ("FAC") as a matter of course under Federal Rule of Civil Procedure 15(a)(1). [*See* Dkt. 9, First. Am. Compl.]. They joined as a defendant DCH Riverside, who is a citizen of California and thus a nondiverse defendant. [*Id.* ¶ 4]. The Phifers allege DCH Riverside was the dealership that negligently, yet unsuccessfully, repaired their Subaru Ascent. [*Id.* ¶¶ 42-47]. Considering that DCH Riverside defeats complete diversity, the Phifers now move to remand the case to Riverside County Superior Court, arguing the Court lacks jurisdiction over this case.

### III.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Any civil action brought in state court may be removed to federal court only if the federal court would have had subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). There are two types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity—that is, each plaintiff must have different citizenship than each defendant. *See* 28 U.S.C. § 1332(a).

A motion to remand challenges the propriety of the removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Considering the "strong presumption" against removal, the defendant carries the burden of proving that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV. DISCUSSION

Subaru argues remand is inappropriate because the Phifers fraudulently joined DCH Riverside, a nondiverse defendant, to defeat diversity jurisdiction.

The term *fraudulent joinder* is a bit of a misnomer. *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016). While it is a "term of art," *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), fraudulent joinder is not intended to impugn the integrity of a plaintiff or its counsel and it is not concerned with a subjective intent to deceive, *Black v. Merck & Co., Inc.*, No. CV 03-8730 NM (AJWx), 2004 WL 5392660, at *1 (C.D. Cal. Mar. 3, 2004). Fraudulent joinder instead refers to the principle that the citizenship of a newly added, nondiverse defendant should be ignored for diversity-removal jurisdiction purposes. *See Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1154 (N.D. Cal. 2003).

In cases like this one—where a plaintiff joins a nondiverse defendant as a matter of course under Federal Rule of Civil Procedure 15(a)(1) after removal and then seeks remand—a growing number of district courts have construed motions to remand as requests for leave to join a nondiverse defendant under 28 U.S.C. § 1447(e) ("Section 1447(e)"). *See e.g.*, *Doyle v. Gen. Motors LLC*, No. CV 19-10781-CJC(SSx), 2020 WL 915887, at *1 (C.D. Cal. Feb. 25, 2020) (explicitly construing motion to remand as a request for leave to add nondiverse defendant under Section 1447(e)); *Martinez v. FCA US LLC*, No. 2:19-cv-08097-SVW-E, 2020 WL 223608, at *2 (C.D. Cal. Jan. 15, 2020) (same); *Armstrong v. FCA US LLC*, No. 1:19-cv-01275-DAD-SAB, 2020 WL 6559232, at *3-4 (E.D. Cal. Nov. 9, 2020) (implicitly construing motion to remand as a request for leave to add nondiverse defendant under Section 1447(e)); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (same); *Greer v. Lockheed Martin*, No. CV 10-1704 JF (HRL), 2010 WL 3168408, at *4-7 (N.D. Cal. Aug. 10, 2010) (same); *Beecher v. Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP*, No. 09-5661 RJB, 2009 WL 4572923, at *3-5 (W.D. Wash. Dec. 2, 2009) (same).

To determine whether joinder of a nondiverse defendant is proper, a court may consider several nonexclusive factors such as (1) whether joinder of the nondiverse party is needed for a just adjudication; (2) whether the statute of limitations would prevent the filing of a new action against the new defendant if the court denied joinder; (3) the timeliness of the joinder; (4) the purpose of the joinder; (5) the validity of the new claim against the nondiverse defendant; (6) the possibility that a party will suffer prejudice from joinder or nonjoinder of the nondiverse defendant; (7) the relationship between the new and the old parties, (8)

the effect of an amendment on the court's jurisdiction; and (9) the new party's notice of the pending action. *Doyle*, 2020 WL 915887, at *2. A removing defendant bears the heavy burden of proving by clear and convincing evidence that joinder was improper. *See Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A court has the discretion to deny joinder or permit and remand the case to state court. *See Newcome v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); 28 U.S.C. § 1447(e).

Because Subaru's arguments implicate the first, third, fourth, fifth, and sixth factors, [*see* Opp'n at 4-8], the Court only considers those factors to determine whether joinder of DCH Riverside was improper.

### A.   First Factor: Necessary for a Just Adjudication

The first factor contemplates whether joinder of a nondiverse party is needed for a just adjudication. *See Doyle*, 2020 WL 915887, at *1. What is considered a necessary joinder under Section 1447(e) is less restrictive than the related standard under Federal Rule of Civil Procedure 19. *Dordoni v. FCA US LLC*, No. EDCV 20-1475 JGB (SHKx), 2020 WL 6082132, at *3 (C.D. Cal. Oct. 15, 2020). Under Section 1447(e), joinder of a person is necessary when it will avoid separate and redundant actions. *Id.* Joinder is unnecessary, however, "where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* (quoting *IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000)).

According to Subaru, it is ultimately responsible for DCH Riverside's alleged negligent repair. Subaru thus argues joinder is unnecessary because the Phifers cannot recover damages from DCH Riverside that they could not otherwise receive from Subaru. In short, Subaru contends nonjoinder of DCH Riverside will not prevent the Phifers from obtaining complete relief (i.e., damages).

The Phifers argue joinder is necessary to avoid separate and redundant actions. They contend their claims against Subaru and DCH Riverside involve the same vehicle, the same defects, and the same failed attempts to repair the vehicle. Moreover, they argue that the same documents and witnesses are likely needed to prove these claims. These claims, the Phifers further assert, are also likely to implicate the same factual or legal issues. Joinder of DCH Riverside is thus necessary to avoid forcing the Phifers to litigate the same lawsuit against DCH Riverside in state court while doing the same against Subaru in federal court.

Both parties raise equally compelling arguments. The strong presumption against removal, however, tips this factor's scale slightly in favor of joinder.

### B. Third Factor: Timeliness of Joinder

The third factor considers whether joinder of a nondiverse defendant occurred in a timely fashion. *Malijen v. Ford Motor Co.*, No. EDCV 20-1217 JGB (KKx), 2020 WL 5934298, at *3 (C.D. Cal. Aug. 20, 2020). A court can consider the time that passed from when the original complaint was filed to when the nondiverse defendant was joined and whether dispositive motions have been filed. *Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *5 (E.D. Cal. Dec. 8, 2020).

Subaru argues this factor weighs against joinder because the Phifers improperly delayed adding DCH Riverside as a defendant despite knowing that the negligent repair claim arose from the same facts that formed the bases of their claims against Subaru.

While Subaru raises a valid point, joinder of DCH Riverside nevertheless occurred in a timely fashion. The Phifers filed this lawsuit on April 20, 2023. Subaru answered on June 2, 2023, and removed the case to this Court three days later. On June 22, 2022, the Phifers filed their FAC joining DCH Riverside as a defendant. Although there was some delay between when the Phifers filed their original complaint and joined DCH Riverside—two months and two days to be exact—this delay was minimal and hardly unreasonable. Accordingly, the third factor weighs in favor of joinder.

### C. Fourth and Fifth Factors: Purpose of Joinder and Validity of Claims

The fourth factor considers the purpose of joining the nondiverse defendant. *See Doyle*, 2020 WL 915887, at *2. This factor is "'intertwined' with the question of whether the claims against the new defendant appear valid." *Sabag v. FCA US, LLC*, No. 2:16-cv-06639-CAS(RAOx), 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016). Thus, to appropriately evaluate the purpose of joining DCH Riverside, the Court must consider the fifth factor: the validity of the Phifers' negligent repair claim against DCH Riverside. The standard to evaluate whether a claim is valid under Section 1447(e) is less demanding than the failure-to-state-a-claim standard under Federal Rule of Civil Procedure 12(b)(6). *See Grancare*, 889 F.3d at 549. A claim is valid if there is a "*possibility* that a state court would find that the

complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

Subaru argues the negligent repair claim is not valid. After dedicating two paragraphs to reciting the economic loss rule, [*see* Opp'n at 7], Subaru in a single-sentence paragraph provides the following analysis: "Since Plaintiffs' FAC fails to state a claim against DCH Riverside-S upon which relief can be granted, the joinder should not be permitted and Plaintiffs' Motion to Remand must be denied." [*Id.*].

The Court need not delve into the nuances of the economic loss doctrine because this single-sentence, conclusory argument is insufficient to meet Subaru's heavy burden of proving by clear and convincing evidence that there is no possibility that a state court would find that the Phifers cannot state a negligent repair claim against DCH Riverside. Because Subaru failed to carry its burden of showing the negligent repair claim is not valid, Subaru has also failed to carry its burden of showing the Phifers' sole purpose of joining DCH Riverside was to destroy diversity jurisdiction.

Accordingly, the fourth and fifth factors weigh in favor of joinder.

### D.    Sixth Factor: Prejudice

The sixth factor considers whether any party will suffer prejudice caused by the joinder or nonjoinder of the nondiverse defendant. *See Doyle*, 2020 WL 915887, at *2.

Subaru argues the Phifers will not suffer prejudice from the nonjoinder of DCH Riverside because the Phifers cannot recover any additional damages from DCH Riverside that could not be recovered from Subaru (i.e., the first factor) and that the negligent repair claim is not valid (i.e., the fourth factor).

Seeing as Subaru relies on those two factors to argue prejudice and that they both weigh in favor of joinder, *see* discussion *supra* Section IV.A, IV.C, Subaru has failed to carry its heavy burden of proving by clear and convincing evidence that Plaintiffs will not suffer prejudice.

Accordingly, the sixth factor weighs in favor of joinder.

## V.     CONCLUSION

Considering these five factors weigh in favor of joinder and that there is a strong presumption against removal, the Court exercises its discretion to permit joinder of DCH Riverside.  *See* 28 U.S.C. § 1447(e).  Because joinder of DCH Riverside destroys this Court's jurisdiction over this action, the Motion to Remand is **GRANTED**.  This case is **REMANDED** to Riverside County Superior Court.

**IT IS SO ORDERED.**